IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYSON JAMIRE KNIGHT,           )
                               )
        Plaintiff,             )
                               )
v.                             )   Civil Action No. 3:21-cv-518–HEH
                               )
HENRICO COUNTY POLICE          )
DEPARTMENT, *et al.*,          )
                               )
        Defendants.            )

**MEMORANDUM OPINION**
(Denying Motion to Dismiss)

Plaintiff Tyson Jamire Knight ("Plaintiff"), a Virginia inmate proceeding *pro se* and *In Forma Pauperis*, filed this 42 U.S.C. § 1983 action. (Compl., ECF No. 3.) The matter is before the Court on Officer R.W. Milleker, Officer R. Clemons, and Officer J.L. James' (collectively, "Defendants") Motion to Dismiss (the "Motion"), filed on March 23, 2022.[1] (ECF No. 13.) Plaintiff has responded to the Motion. (ECF No. 16.) For the reasons stated below, Defendants' Motion to Dismiss will be denied.

I.  **STANDARD FOR MOTION TO DISMISS**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and*

---

[1] On February 28, 2022, the Court dismissed the Henrico County Police Department from the action. (Mem. Order, ECF No. 10.) The Court utilizes the spelling of Defendants' names in the Motion to Dismiss.

*Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), and state a claim that is "plausible on its face," *id.* at 570, rather than allege facts that are merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v.*

2

*Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, it is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, Courts need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the United States Court of Appeals for the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Complaint,[2] Plaintiff alleges that Defendants subjected him to "cruel and unusual punishment, negligence, and deliberate indifference," by pulling him out of his vehicle and carrying him after he led officers on a high-speed chase. (Compl. at 8.) Specifically, Plaintiff contends that he "led Henrico County Police officers on a high-speed chase that ended on Rt. 1 in Hanover County, Virginia, when [he] lost control of

---

[2] Plaintiff filed a second Complaint with his Response to the Motion to Dismiss that removes the dismissed Defendant. (ECF No. 15.) Plaintiff's Statement of the Claim appears to be identical. (ECF No. 15 at 3; ECF No. 15-1 at 1–4.) Nevertheless, to the extent that Plaintiff altered his allegations somehow, only the original Complaint is before the Court because Plaintiff failed to seek leave to amend his Complaint. *See* Fed. R. Civ. P. 15(a)(2).

his vehicle, struck a tree and came to rest in the woods." (*Id.* at 4.) Plaintiff then asserts that Defendants Clemons, Milleker, and James, "pointed their guns at [him] and ordered [him] to put his hands on the steering wheel," and when he complied, "Defendants Clemons and Milleker opened the car door and pulled Plaintiff out of the vehicle, dragged Plaintiff on the ground, handcuffed Plaintiff behind his back, then sat Plaintiff down on the ground." (*Id.*)

From there, Plaintiff asserts that "[u]pon hearing the sirens from the ambulance, Defendants then agreed . . . to carry Plaintiff to the edge of the road and wait for the ambulance to arrive" and then "picked [him] up." (*Id.*) Two Defendants held Plaintiff's upper body, and the other Defendant carried Plaintiff's legs and began carrying Plaintiff to the edge of the road. (*Id.*) On the way to the edge of the road, Plaintiff asserts that he was "dropped from his waist up." (*Id.*) When he was dropped, Plaintiff's back, shoulder, and head allegedly "hit the ground first," and then his left leg and the rest of his body hit the ground. (*Id.*) As a result of being dropped, Plaintiff claims that he "felt sharp pains run down his leg, arm, shoulder, and head," and that he was "not able to open his eyes due to the multi-color spots that he was seeing." (*Id.* at 4–5.) Plaintiff allegedly "could not open his mouth at all . . . due to the severe pain he felt in [his] jaw[.]" (*Id.* at 5.) Plaintiff then asserts that one Defendant said: "we should not be touching this man," yet continued to pick him up and carry Plaintiff to the edge of the road. (*Id.*)

Plaintiff claims that he stated to Defendants, "[y]'all drop[ped] me. Please don't pick me up!" (*Id.*) Then one Defendant whispered, "[y]ou will have a hard time proving that" into Plaintiff's ear. (*Id.*) Plaintiff asserts that EMT put oxygen in his nose and told

4

him "I have oxygen in your nose, so breathe through your nose. Calm down, you are safe now. But I need you to stay with me, ok?" (*Id.*) Plaintiff asserts that he then lost consciousness. (*Id.*) Plaintiff alleges that his injuries exclusively stem from Defendants' acts of carrying and dropping him and not a result of prior injuries. (*Id.*) Plaintiff asserts that "Defendants should have displayed better judgment and mere common sense to leave Plaintiff where he was until medical personnel arrived to the scene so they could handle Plaintiff with proper emergency care[.]" (*Id.* 5–6.) Plaintiff claims that Defendants acted with "deliberate indifference," were "negligent," caused "cruel and unusual punishment," and "showed total disregard for Plaintiff's health for the unnecessary and wanton infliction of pain." (*Id.* at 6.)

Based on these claims, Plaintiff asserts that Defendants violated his Eighth Amendment rights. (*Id.*) As a result of Plaintiff's injuries sustained from Defendants' act of picking up and dropping Plaintiff, Plaintiff claims that he was admitted to VCU Medical Center in Richmond for roughly one week. (*Id.* at 7.) Plaintiff's injuries include: a severe concussion, a fractured collar bone, a punctured lung, fractured ribs, a hole in his left ankle, nerve damage on the left side of his body, and "physical and mental anguish." (*Id.* at 7.) Plaintiff was confined to a wheelchair for nearly eighteen (18) months because of these injuries and still cannot walk on his own without a walking apparatus. (*Id.* at 7.) He also takes "nerve medications, pain medications, and muscle relaxers" to cope with daily pain. (*Id.*) Plaintiff's Complaint states that he is "filing this 1983 civil suit against the Defendants for the violation of [his] Eighth Amendment

5

constitutional rights [based on] [sic] cruel and unusual punishment, negligence, and deliberate indifference." (*Id.* at 8–9.) Plaintiff seeks monetary damages. (*Id.* at 9.)

### III. ANALYSIS

Defendants' Motion to Dismiss argues that Plaintiff's Complaint fails to state a claim upon which relief may be granted because (1) Plaintiff was not a convicted felon, so the Eighth Amendment does not apply; (2) Defendants are entitled to qualified immunity; and (3) Defendants are entitled to sovereign immunity. (Defs.' Br. in Supp. at 4–9, ECF No. 14 at 4–9.) All three arguments require little discussion here because they are incomplete and fail to address the nuances of the law.

#### A. Contours of Plaintiff's Claim

In any action filed pursuant to § 1983, the Court must first identify the contours of the underlying right said to have been violated. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) (citation omitted). The Court is "required to carefully examine a *pro se* complaint to determine whether it allege[s] any 'constitutional deprivations.'" *Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)). "Accordingly, the Court in considering the defendants' motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed." *Gordon*, 574 F.3d at 1151 (citation omitted).

The sum of Defendants' first argument is that Plaintiff cannot state an Eighth Amendment claim for relief because the protections of the Eighth Amendment do not attach until after a conviction and a sentence have been imposed. (Defs.' Br. in Supp. at

5.) Clearly, the conduct of which Plaintiff complains occurred prior to any conviction, so the Eighth Amendment prohibition against cruel and unusual punishment does not apply. *Graham*, 490 U.S. at 392 n.6 (citation omitted). Defendants contend that because Plaintiff only specifically identifies the Eighth Amendment in his Complaint, he fails to state a claim for relief, and, on this logic alone, Plaintiff's claim should be dismissed.[3] However, simply because the Eighth Amendment has not yet attached does not mean Plaintiff is afforded no constitutional protection on the set of facts he has alleged. Instead, the Court "must examine the pro se complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts or heads of jurisdiction in the federal arsenal for redress of constitutional deprivations." *Gordon*, 574 F.2d at 1151.

Plaintiff's claim regarding Defendants' alleged unlawful misconduct leading up to his arrest is governed by the Fourth Amendment. The Court reviews a claim under the "Fourth Amendment's prohibition against 'unreasonable' seizures." *Sawyer v. Asbury*, 537 F. App'x 283, 290 (4th Cir. 2013) (citing *Graham*, 490 U.S. at 395 & n.10);[4] *see Graham*, 490 U.S. at 388 (explaining that such claims are "analyzed under the Fourth Amendment's 'objective reasonableness' standard"). However, the United States Court

---

[3] Defendants cite to this Court's opinion *Amey v. Pisarek*, No. 3:14CV74–HEH, 2015 WL 4418564, at *4 (E.D. Va. July 17, 2015) to argue that the Eighth Amendment does not apply to those who are not yet convicted felons, so the Eighth Amendment claim should be dismissed. (Defs.' Br. in Supp. at 5.) Although this Court did dismiss the Eighth Amendment claim in that case for that reason, that was not the end of the inquiry. Rather, the Court then addressed the claim under the Fourth and Fourteenth Amendments based on the facts of the case. *See Amey*, 2015 WL 4418564, at *4.

[4] *Sawyer* was abrogated on grounds by *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

7

of Appeals for the Fourth Circuit has "rejected any concept of a continuing seizure rule, noting that 'the Fourth Amendment . . . applies to the initial decision to detain an accused, not to the conditions of confinement after that decision has been made.'" *Robles v. Prince George's Cnty.*, 302 F.3d 262, 268 (4th Cir. 2002) (omission in original) (quoting *Riley v. Dorton*, 115 F.3d 1159, 1163 (4th Cir. 1997)). Thus, "[o]nce the single act of detaining an individual has been accomplished, the [Fourth] Amendment ceases to apply." *Id.* (citation omitted); *see also County of Sacramento v. Lewis*, 523 U.S. 823, 843–45 (1998).

Once Plaintiff was lawfully arrested, he became a pretrial detainee. *United States v. Cobb*, 905 F.2d 784, 788 (4th Cir. 1990) (citing *Martin v. Gentile*, 849 F.2d 863, 865–66 (4th Cir. 1988)). Allegations of punishment against a pretrial detainee must be evaluated under the Due Process Clause of the Fourteenth Amendment. *Id.* at 788; *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) ("Due Process requires that a pretrial detainee not be punished"). "The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) (citation omitted). Here, Plaintiff complains that the Defendants removed him from the wrecked car unnecessarily, attempted to carry him to the road, dropped him, and picked him up again after his protests. He contends he suffered serious injuries as a result.

In his Eighth Amendment claim, it is not clear whether Plaintiff alleges a claim of deliberate indifference or the excessive use of force. *Cf. Thompson v. Commonwealth of Va.*, 878 F.3d 89, 97–99 (4th Cir. 2017) (explaining that Eighth Amendment claims fall into categories of "deliberate indifference" or "excessive force," and that excessive force

8

standard was appropriate where an officer drove a transport van recklessly); *Cantrell v. McCoy*, 553 F. Supp. 3d 295, 304 (W.D. Va. 2021) (explaining that claims alleging unnecessary exposure to the elements falls under excessive force). However, under the Fourteenth Amendment, a pretrial detainee may not be subject to punishment no matter the type of claim raised. *See Bell*, 441 U.S. at 535; *Sawyer*, 537 F. App'x at 290; *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) ("A pretrial detainee must not be punished at all under the Fourteenth Amendment, whether through the use of excessive force, by deliberate indifference to conditions of confinement, or otherwise."). "'[P]unishment' can consist of actions taken with an 'expressed intent to punish.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (quoting *Bell*, 441 U.S. at 538, 561).

Furthermore, "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Id.* (quoting *Bell*, 441 U.S. at 538, 561). To succeed on a claim of excessive force, a pretrial detainee "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Coney v. Davis*, 809 F. App'x 158, 159 (4th Cir. 2020) (quoting *Kingsley*, 576 U.S. at 396–97). Similarly, under a deliberate indifference standard, a pretrial detainee can show that his due process rights were violated "by providing objective evidence that the challenged governmental action is not rationally related to a legitimate government objective or that is excessive in relation to that purpose." *Kingsley*, 576 U.S. at 398 (citations omitted). Nevertheless, "[t]he 'precise scope' of this Fourteenth Amendment right remains 'unclear.'" *Mays v.*

*Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (quoting *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988)).[5]

The Court recognizes that, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin*, 849 F.2d at 870 (citing *Bell*, 441 U.S. at 537). "[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Lewis*, 523 U.S. at 849 (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986)). Although Defendants suggest that Plaintiff alleges nothing more than negligence, their discussion is terse and is viewed through the lens of an Eighth Amendment violation, not a Fourteenth Amendment violation. (*See* Defs.' Br. in Supp. at 6–7.)

In sum, Defendants have not addressed the applicability of the Fourth or Fourteenth Amendments on Plaintiff's claim.[6] Rather, they only specifically address Plaintiff's Eighth Amendment claim. Therefore, on this briefing, they are not entitled to have Plaintiff's claim dismissed on the merits.

---

[5] Courts are divided on whether *Kingley* applies to other Fourteenth Amendment claims outside of the excessive force context brought by pretrial detainees. *See, e.g.*, *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 727–31 (6th Cir. 2022) (identifying a circuit split); *Mays*, 992 F.3d 295 at 300–01 & n.4 (recognizing a circuit split but applying the Eighth Amendment's deliberate indifference standard for medical claims).

[6] Defendants briefly state that they "could not be culpable of violating any other portion of the United States Constitution," including the Fourteenth Amendment. (Defs.' Br. in Supp. at 7.) While Defendants argue that the Fourteenth Amendment is not implicated by a negligent act (*see id.* (citing *Daniel*, 474 U.S. at 328)) and that Plaintiff alleges no excessive force, they fail to adequately address precisely why that is true on this set of facts.

### B. Qualified Immunity

Defendants also assert that they are entitled to qualified immunity "because as the preceding section of this brief demonstrates, the defendants did not violate any constitutional right of the plaintiff." (Defs.' Br. in Supp. at 7.) Contrary to the terse quality of Defendants' brief, "[a] defendant invoking qualified immunity must do more than mention its existence and demand dismissal of the suit." *Fisher v. Neale*, No. 3:10CV486–HEH, 2010 WL 3603495, at *3 (E.D. Va. Sept. 8, 2010). Defendants must (1) identify the specific right allegedly violated "at the proper level of particularity," *Campbell v. Galloway*, 483 F.3d 258, 271 (4th Cir. 2007); (2) brief, with full supporting authority, why the right was not so clearly established as to put a reasonable official on notice of any legal obligations, *see Collinson v. Gott*, 895 F.2d 994, 998 (4th Cir. 1990); and (3) describe with particularity the factual basis supporting the assertion that a reasonable official in the defendant's situation would have believed his conduct was lawful, *see id.* Because Defendants have failed to identify the specific right violated or the proper level of particularity of which the right was violated, Defendants have failed to satisfy their obligation with respect to their assertion of qualified immunity.

### C. Sovereign Immunity

Defendants next argue that Plaintiff's claim only entails negligence and they "cannot be held liable for negligence because they have sovereign immunity against such claims." (Defs.' Br. in Supp. at 8.) As explained previously, Defendants have failed to sufficiently address why Plaintiff's allegations amount to nothing more than negligence. Thus, Defendants are not entitled to the dismissal of Plaintiff's claim on this basis.

11

### III. OUTSTANDING MOTIONS

In response to the Motion to Dismiss, Plaintiff filed a Motion for Review of Documents (ECF No. 18) and a Motion to Submit Discovery (ECF No. 19). In the Motion for Review of Documents, he asks for the Court to order Defendants to provide the Court with unspecified documents and for the Court to review these submissions on his behalf. (*Id.* at 1–2.) Plaintiff will receive a copy of any documents filed by Defendants and the Court will review any documents filed by Defendants. Accordingly, the Motion for Review of Documents (ECF No. 18) will be denied as unnecessary. In the Motion to Submit Discovery, Plaintiff indicates that he has three exhibits that he wishes the Court to consider "as part of Plaintiff's evidence to help support his claim." (ECF No. 19 at 1–2.) Plaintiff may submit these documents as evidence when he responds to any motion for summary judgment filed by Defendants. The Motion to Submit Discovery (ECF No. 19) will be denied as unnecessary.

### IV. CONCLUSION

The Motion to Dismiss (ECF No. 13) will be denied. Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof. An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: Oct. 18, 2022
Richmond, Virginia